[Civ. No. 324.   First Appellate District.—March 14, 1907.]

In the Matter of the Estate of JOHN · FAY, Deceased. MARY J. SCOTT et al., Appellants, v. JOHN FAY and LUKE FAY, Respondents.

Estates of Deceased Persons—Invalid Trust Under Will—Suspension of Power of Alienation—Title of Heirs.—A trust under the will of a deceased person providing for an absolute continuance thereof for the period of twenty-five years may by possibility suspend the power of alienation beyond lives in being, and is invalid and void under sections 715 and 716 of the Civil Code; and the title became vested in the heirs of the deceased testator.

ID.—DISTRIBUTION—CONVEYANCE BY WIDOW TO SON.—Where the de-
ceased left surviving him his wife and two sons, and the widow,
during administration, conveyed all of her interest in the estate to
one of the sons, her interest in the estate vested in him, regardless
of whether the property was community property or separate prop-
erty, and the estate was properly distributed to the two sons, ac-
cording to their respective interests in the estate.

APPEAL from a decree of the Superior Court of the City
and County of San Francisco, distributing the estate of a
deceased person, and from an order denying a new trial.
J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Louis S. Beedy, and J. F. Bowie, for Appellants.

James G. Maguire, for Respondents.

COOPER, P. J.—Appeal from decree of final distribution,
and from an order denying appellants' motion for a new
trial.

The will of deceased was duly admitted to probate and
bears date, "May twenty-fifth, eighteen hundred and fifty-
nine." It contains the following clause:

"I will all my separate property and all my share of the
community property of every description, name and nature
both real and personal, to my brother, David Fay, and my
son, John Fay, in trust for the benefit of my three children,
Luke Fay, Mary Montealegre and John Fay.

"The said David Fay and John Fay, or either of them, to
hold and manage said property for the space of twenty-five
years from this date; they shall keep the property in repair,
pay all expenses, and divide the income from said property
monthly or quarterly between my children, Luke, May and
John, or their children, if they should have any; if either
of my children should die without lawful children of their
body, then the survivor shall inherit their share; should all
of my children die before the expiration of this trust with-
out lawful children it is my wish that my sister, Mary J.
Scott, or her children should inherit or have all of my share
of the estate, David Fay or my son, John Fay, will act or
manage the property without giving bonds."

The court below found that Mary Montealgre (the only daughter of said deceased) died without lineal descendants prior to the death of deceased; that the provisions of the will above quoted are invalid, and the trust thereby attempted to be created is void, for the reason that the absolute power of alienation of the property therein mentioned is thereby suspended for a longer period than during the continuance of the lives of persons in being at the creation of such limitation or condition, or at the death of said testator, capable of taking the same under said provisions, and for the reason that there were and are no persons in being by whom an absolute interest in possession can be conveyed; that the period of the said trust expired and ceased prior to the death of the testator, and that said trust clause is void for uncertainty.

The deceased left surviving him his wife and two sons, Luke Fay and John Fay, his only children. After the death of deceased Bridget M. Fay, his widow, and the mother of Luke Fay and John Fay, conveyed all her title and interest in the estate to John Fay, and such conveyance was made pending the administration and prior to the decree of distribution. The property was distributed to the two sons, Luke Fay and John Fay.

The contestants are Mary J. Scott, the sister of deceased, and her children, being the sister and her children named in the said trust clause of the will.

The main question in the case is as to the validity of the trust clause, and if the clause is void the decree should be affirmed. We are of opinion that the court correctly held the trust clause void. It provides for an absolute period of twenty-five years for its continuance, during which time the power of alienation is suspended. The testator had three children, who were in being at the time he made the will, and he had the right to suspend the power of alienation during the continuance of their lives, but he did not limit or suspend the power of alienation during their lives only. He suspended it for twenty-five years. If they should all die before the expiration of the twenty-five years, he suspended the power of alienation still for twenty-five years. He directed the income to be paid to "their children if they should have any." Our code expressly provides that the power of alienation cannot be suspended by any limitation or con-

dition whatever for a longer period than during the continuance of the lives of persons in being at the creation of the limitation or condition. That every future interest is void in its creation which by any possibility may suspend the absolute power of alienation for a longer period than is prescribed in the chapter on alienation. (Civ. Code, secs. 715, 716.)

The court has often discussed and upheld these sections, and it is only necessary to cite two of the leading cases—*In re Walkerly,* 108 Cal. 627, [49 Am. St. Rep. 97, 41 Pac. 772] ; *Estate of Fair,* 132 Cal. 523, [84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000].

In view of what has been said the findings as to whether or not the property was community property, and the rulings in relation thereto, become immaterial. Whether the property was all community property, or all separate property, it vested in the widow of the deceased and his two sons. The widow having conveyed her portion to John Fay, the decree of distribution properly distributed that to him.

The decree and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 11, 1907, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 13, 1907.